IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                              No. 1:08-cr-10043-JDB-1

TOMMIE HILL,

    Defendant.

## ORDER DIRECTING DEFENDANT TO FILE STATEMENT

Presently before the Court is the Defendant, Tommie Hill's, *pro se* "Motion for Emergency Resentencing Upon Overturning of Invalid Priors Used to Enhance" ("Resentencing Motion"). (Docket Entry ("D.E.") 105.) Defendant alleges that the state court vacated several of the Tennessee convictions which were used to enhance his federal sentence, and that he is therefore entitled to resentencing. (*Id.* at PageID 188.)

A challenge to an enhanced federal sentence based on a vacated state conviction is properly brought as a motion under 28 U.S.C. § 2255. *See Johnson v. United States*, 544 U.S. 295 (2005) (considering a § 2255 petition seeking correction of an enhanced sentence after the vacation of a state conviction). Hill does not characterize his Resentencing Motion as being brought pursuant to § 2255, though the motion mentions the statute of limitations provision applicable to § 2255 motions. (*Id.* at Page ID 189-90.)

The Court declines to *sua sponte* recharacterize the Defendant's Resentencing Motion as a § 2255 motion. Ordinarily, a district court cannot construe a prisoner's motion as arising under § 2255 unless it notifies the inmate of its intention to do so and advises him of the potential

1

consequences. *Castro v. United States,* 540 U.S. 375, 382 (2003); *accord In re Shelton*, 295 F.3d 620, 622 (6th Cir. 2002). One of the consequences is that any subsequent § 2255 motion will be subject to the restrictions on a "second or successive" motion, as set forth in 28 U.S.C. § 2255(h). *Castro*, 540 U.S. at 383.

Hill is therefore ORDERED to file a statement advising the Court whether he intends for his Resentencing Motion be construed as a § 2255 motion. Defendant is warned that such a recharacterization would mean that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions. *See id.* If he wishes that his Resentencing Motion be construed as a § 2255 motion, the § 2255 motion will be deemed to have been filed on the date the Resentencing Motion was filed.

The Defendant shall file his statement within twenty-eight days of the entry-date of this order.

IT IS SO ORDERED, this 24th day of October 2017.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE